1  Joel E. Tasca
   Nevada Bar No. 14124
2  Russell J. Burke
   Nevada Bar No. 12710
3  BALLARD SPAHR LLP
   100 North City Parkway, Suite 1750
4  Las Vegas, Nevada 89106
   Telephone: (702) 471-7000
5  Facsimile: (702) 471-7070
   tasca@ballardspahr.com
6  burker@ballardspahr.com

7  *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. <br><br> Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and MOUNTAIN'S EDGE MASTER ASSOCIATION, a Nevada non-profit corporation. <br><br> Defendants. | Case No. 2:16-cv-02779-JCM-GWF <br><br> **STIPULATION AND ORDER FOR LEAVE TO PERMIT JPMORGAN CHASE BANK, N.A. TO FILE FIRST AMENDED COMPLAINT** |
| SFR INVESTMENTS POOL 1, LLC., a Nevada limited liability company, <br><br> Counter-Claimant, <br><br> vs. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Counter-Defendant. | |
| SFR INVESTMENTS POOL 1, LLC., a Nevada limited liability company, <br><br> Cross-Claimant, <br><br> vs. <br><br> SIU MING PANG, an individual, | |

1             Cross-Defendant.

JPMorgan Chase Bank, N.A. ("Chase"), Mountain's Edge Master Association ("Master's Edge"), and SFR Investments Pool 1 ("SFR") (all parties together as the "Parties"), by and through their respective counsel of record, in compliance with LR 7-1 and LR 15-1, hereby file this Stipulation and Order For Leave to Permit JPMorgan Chase Bank, N.A. to File First Amended Complaint. The Parties stipulate to the following:

1. Pursuant to the Scheduling Order (ECF No. 26), the deadline to amend pleadings is September 5, 2017.

2. The Parties stipulate to permit Chase to file the Amended Complaint attached as Exhibit A.

3. Pursuant to the Amended Complaint, Chase seeks to add current non-party Diamond Creek Homeowners' Association.

4. Upon information and belief, Diamond Creek Homeowners' Association is the association that conducted the foreclosure sale giving rise to this lawsuit.

5. Chase's amended pleading is not made in bad faith, not made with a dilatory motive, and timely made pursuant to the Scheduling Order.

6. Chase's amended pleading satisfies the liberal amendment standard codified as Fed. R. Civ. P. 15(a).

*[Remainder of Page Intentionally Left Blank]*

7. Good case exists to permit Chase to file its Amended Complaint.

Dated: August 22, 2017.

| Dated: August 22nd, 2017 | Dated: August 22nd, 2017 |
|---|---|
| Ballard Spahr LLP | Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP |
| By: /s/ Russell J. Burke<br>Joel E. Tasca, Esq.<br>NV Bar No. 14124<br>Russell J. Burke, Esq.<br> NV Bar 12710<br>100 N. City Parkway, Suite 1750<br>Las Vegas, NV 89106<br>*Attorneys for JPMorgan Chase Bank, N.A.* | By: /s/ Gregory P. Kerr<br>Gregory P. Kerr, Esq.<br>NV Bar No. 10383<br>3556 East Russell Road, Second Floor<br>Las Vegas, Nevada 89120<br>*Attorneys for Mountain's Edge Master Association* |
| Dated: August 22nd, 2017 | |
| Kim Gilbert Ebron | |
| By: /s/ Diana C. Ebron<br>Diana Cline Ebron, Esq.<br>NV Bar No. 10580<br>7625 Dean Martin Drive, Suite 110<br>Las Vegas, NV 89139<br>*Attorneys for SFR Investments Pool 1, LLC* | |

### ORDER

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated August 24, 2017

# EXHIBIT A

# EXHIBIT A

Joel E. Tasca
Nevada Bar No. 14124
Russell J. Burke
Nevada Bar No. 12710
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
tasca@ballardspahr.com
burker@ballardspahr.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; MOUNTAIN'S EDGE MASTER ASSOCIATION, a Nevada non-profit corporation; and DIAMOND CREEK HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation.<br><br>Defendants. | Case No. 2:16-cv-02779-JCM-GWF<br><br>**AMENDED COMPLAINT** |
| SFR INVESTMENTS POOL 1, LLC., a Nevada limited liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>Counter-Defendant. | |
| SFR INVESTMENTS POOL 1, LLC., a Nevada limited liability company,<br><br>Cross-Claimant, | |

1  vs.
2  SIU MING PANG, an individual,
3        Cross-Defendant.

    Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel of record, Ballard Spahr LLP, hereby complains against SFR Investments Pool 1, LLC, Mountain's Edge Master Association, and Diamond Creek Homeowners' Association as follows:

## I.    THE PARTIES, JURISDICTION, AND VENUE

    1.    Chase is a national banking association headquartered in Ohio.

    2.    Upon information and belief, Defendant SFR Investments Pool I, LLC ("SFR") is a Nevada limited liability company, which is wholly owned by SFR Funding LLC, a Delaware limited liability company, which is wholly owned by a Canadian entity, Xieman LP. Xieman LP consists of partners Xieman Investments, Ltd., a Canadian corporation, and John Gibson, an individual who is a citizen of South Africa. *See Nationstar Mortgage LLC v. Flamingo Trails No. 7 Landscape Maintenance Association, Inc.*, et al., Case no. 2:15-cv-01268-RFB-NJK at ECF No. 50-1.

    3.    Upon information and belief, Defendant Mountain's Edge Master Association ("Mountain's Edge") is a Nevada non-profit corporation.

    4.    Upon information and belief, Defendant Diamond Creek Homeowners' Association ("Diamond Creek Homeowners' Association") is a Nevada non-profit corporation.

    5.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves federal questions of constitutionality.

    6.    This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(3) because there is complete diversity between Chase and all Defendants and the amount in controversy exceeds $75,000.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
(702) 471-7000

1    7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because SFR does business in this district; a substantial part of the events or omissions giving rise to these claims occurred in this district; and the property that is the subject of this action is situated in this district.

8.    This Court has personal jurisdiction over SFR because this lawsuit arises out of and is connected with SFR's purported purchase of an interest in real property located in Clark County, Nevada and, upon information and belief, SFR is a Nevada limited liability company.

9.    This Court has personal jurisdiction over Diamond Creek Homeowners' Association because this lawsuit arises out of and is connected with Diamond Creek Homeowners' Association's purported sale of an interest in real property situated in Clark County, Nevada.

10.   This Court has personal jurisdiction over Mountain's Edge because this lawsuit arises out of and is connected with Mountain's Edge's involvement with real property situated in Clark County, Nevada.

11.   Diamond Creek Homeowners' Association and Mountain's Edge are joined as necessary parties pursuant to Fed. R. Civ. P. 19(a) even though there are no causes of action alleged against either of them.

## II.    FACTUAL BACKGROUND

### A.    Congress Authorizes the FHA Insurance Program

12.   Congress created the Federal Housing Authority ("FHA") in 1934 and the FHA became part of the Department of Housing and Urban Development ("HUD") in 1965.

13.   Congress authorized HUD to insure privately-issued mortgages on single family homes, commonly referred to as FHA insurance, to further its congressional mandate to make decent housing available to all citizens. *See* 12 U.S.C. § 1709.

1  14.  The congressional purpose of the FHA insurance program is to
2 encourage private lenders to extend loans to borrowers that the lenders would
3 otherwise find too risky—*i.e.*, to insure loans that private lenders extend to low to
4 moderate income families. *See* 42 U.S.C. § 1441; 12 U.S.C. §§ 1701 & 1709.

### B. The Property and the Deed of Trust

6  15.  This action relates to the parties' rights and interests in certain real
7 property commonly described as 9491 Bighorn Point Court, Las Vegas, Nevada
8 89178; APN # 176-21-715-040 (the "Property"). The Property is legally described as
9 follows:

PARCEL ONE (1):

> Lot Ninety-Nine (99) of amended final map of Mountains Edge 112 (a common interest community) as shown by map thereof on file in Book 124 of Plats, Page 97, in the Office of the County Recorder, Clark County, Nevada. Reserving therefrom a non-exclusive easement for ingress, egress and enjoyment in and to the common elements as delineated on said map referred to above and further described in the declaration of covenants, conditions, and restrictions for Mountains Edge Master Association recorded April 14, 2003 in Book 20030414 as Document No. 02089 and Diamond Creek Homeowners' Association recorded August 15, 2005 in Book 20050815 as Document No. 3118 of Official Records.

PARCEL TWO (2):

> A non-exclusive easement for ingress, egress and enjoyment in and to the common elements as delineated on said map referred to above and further described in the declaration of covenants, conditions and restrictions for Mountains Edge Master Association recorded April 14, 2003 in Book 20030414 as Document No. 02089 and Diamond Creek Homeowners' Association recorded August 15, 2005 in Book 20050815 as Document No. 3118 of Official Records.

16.  On or about February 26, 2008, a deed of trust (the "Deed of Trust"), securing a loan (the "Pang Loan") was recorded as Book and Instrument number 20080229-001667 in the Official Records of the Clark County Recorder, showing Sui Ming Pang as borrower, Universal American Mortgage Company as lender, Stewart

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
(702) 471-7000

Title Company as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee.

17. On or about April 24, 2012, an Assignment was recorded as Book and Instrument number 20120434-0000026 in the Official Records of the Clark County Recorder, assigning MERS' interest in the Deed of Trust as nominee to Chase.

18. The Pang Loan is an FHA Loan and the Deed of Trust securing the Pang Loan is therefore also federally insured.

C. **The HOA Foreclosure and SFR's Acquisition of the Property**

19. Upon information and belief, on or about June 17, 2011, Alessi & Koenig, LLC ("Alessi & Koenig"), on behalf of Diamond Creek Homeowners' Association, recorded a Notice of Delinquent Assessment Lien (the "Diamond Creek Homeowners' Association NOA") on the Property as Book and Instrument number 20110617-0001949 in the Official Records of the Clark County Recorder.

20. Upon information and belief, even though Alessi & Koenig intended to record the Diamond Creek Homeowners' Association NOA on behalf of Diamond Creek Homeowners' Association, the document itself identifies Diamond Creek Community Association as the lien holder.

21. Upon information and belief, on or about September 8, 2011, Alessi & Koenig, on behalf of Diamond Creek Homeowners' Association, recorded a Notice of Default and Election to Sell Under Homeowners' Association Lien (the "Diamond Creek Homeowners' Association NOD") on the Property as Book and Instrument number 20110908-0001969 in the Official Records of the Clark County Recorder.

22. Upon information and belief, even though Alessi & Koenig intended to record the Diamond Creek Homeowners' Association NOD on behalf of Diamond Creek Homeowners' Association, the document itself states it was recorded on behalf of Diamond Creek Community Association.

23. On or about September 19, 2011, Mountain's Edge recorded a Notice of Delinquent Assessment Lien (the "Mountain's Edge NOA") on the Property as Book

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
(702) 471-7000

and Instrument number 20110919-0001257 in the Official Records of the Clark County Recorder.

24.   On or about January 30, 2012, Mountain's Edge recorded a Notice of Default and Election to Sell Under Homeowners' Association Lien (the "Mountain's Edge NOD") on the Property as Book and Instrument number 20120130-0002318 in the Official Records of the Clark County Recorder.

25.   Upon information and belief, on or about November 5, 2012, Diamond Creek Homeowners' Association recorded a Notice of Sale (the "Diamond Creek Homeowners' Association NOS") on the Property as Book and Instrument number 20111105-0001150 in the Official Records of the Clark County Recorder.

26.   Upon information and belief, even though Alessi & Koenig intended to record the Diamond Creek Homeowners' Association NOS on behalf of Diamond Creek Homeowners' Association, the document itself identifies Diamond Creek Community Association as the association that would be conducting the association foreclosure sale.

27.   Upon information and belief, Diamond Creek Homeowners' Association conducted the foreclosure sale on the Property (the "HOA Sale") on December 5, 2012.

28.   Upon information and belief, SFR purchased the Property for approximately $3,965.54 at the HOA Sale.

29.   Upon information and belief, at the time of the HOA Sale, the fair market value of the Property was at least $114,000.

30.   The sale price at the HOA Sale is grossly inadequate when compared to the debt on the Pang Loan and the fair market value of the Property at the time of the HOA Sale.

31.   Upon information and belief, on or about December 10, 2012, Alessi & Koenig, on behalf of Diamond Creek Homeowners' Association, recorded a Trustee's

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
(702) 471-7000

Deed Upon Sale (the "Trustee's Deed") on the Property as Book and Instrument number 20121210-0003657 in the Official Records of the Clark County Recorder.

32. The Trustee's Deed identifies Diamond Creek Community Association as the foreclosing beneficiary.

33. Upon information and belief, Alessi & Koenig mistakenly identified Diamond Creek Community Association as the foreclosing beneficiary when the actual foreclosing beneficiary for the HOA Sale was Diamond Creek Homeowners' Association.

34. The HOA Sale occurred before the Nevada Supreme Court issued its decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev.___, 334 P.3d 408 (2014).

35. The HOA Sale is void, voidable, or otherwise insufficient to extinguish the Deed of Trust because the sale was tainted by fraud, oppression, and/or unfairness.

36. Upon information and belief, neither Diamond Creek Homeowners' Association nor Alessi & Koenig provided proper notice of the Diamond Creek Homeowners' Association NOA, the Diamond Creek Homeowners' Association NOD, or the Diamond Creek Homeowners' Association NOS to Chase and/or the beneficiary under the Deed of Trust.

37. Neither the Diamond Creek Homeowners' Association NOA, the Diamond Creek Homeowners' Association NOD, nor the Diamond Creek Homeowners' Association NOS identified what portion of the lien, if any, constituted a "super-priority" lien.

38. Neither the Diamond Creek Homeowners' Association NOA, Diamond Creek Homeowners' Association NOD, nor the Diamond Creek Homeowners' Association NOS specified whether the relevant homeowners' association was foreclosing on the "super-priority" portion of its lien, if any, or under the non-"super-priority" portion of the lien.

1  39. A homeowners' association sale conducted pursuant to NRS Chapter 2 116 must comply with all notice provisions as stated in NRS 116.31162 through 3 NRS 116.21168.

4  40. Upon information and belief, neither Diamond Creek Homeowners' 5 Association nor Alessi & Koenig complied with all mailing and notice requirements 6 stated in NRS 116.31162 through NRS 116.31168.

7  41. The Trustee's Deed did not comply with NRS 116.31164(3)(a), which 8 states that "the person conducting the sale shall . . . deliver to the purchaser . . . a 9 deed without warranty which conveys to the grantee all title of the unit's owner to 10 the unit." *See* NRS 116.31164(3)(a).

11 42. The HOA Sale deprived Chase of its right to due process.

12 43. The HOA Sale resulted in an impermissible taking of Chase's property 13 right and/or interest.

14 44. Upon information and belief, the current fair market value of the 15 Property is approximately $219,077.00.

16 45. The current unpaid principal balance on the Pang Loan is $255,603.11

17 46. Upon information and belief, SFR maintains that it has an interest in 18 the Property.

### III.  FIRST CLAIM FOR RELIEF
### (DECLARATORY RELIEF)

21 47. Chase repeats and re-alleges the preceding paragraphs as though fully 22 set forth herein.

23 48. Pursuant to NRS 40.010, this Court has the power and authority to 24 declare Chase's rights and interests in the Property.

25 49. The FHA-insured Deed of Trust is a first secured interest on the 26 Property.

DMWEST #16733853 v2          8

50. Pursuant to the Supremacy Clause of the United States Constitution, state laws are preempted when there is an actual conflict between state law and federal law, and NRS Chapter 116 *et seq.* conflicts with the federal FHA program.

51. Pursuant to the Supremacy Clause of the United States Constitution, a state law which stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress is invalid.

52. NRS Chapter 116 *et seq.* stands as an obstacle to the full purposes and objectives of the FHA Program.

53. Pursuant to the Supremacy Clause of the United States Constitution, the HOA Sale could not extinguish Chase's federally-insured Deed of Trust.

54. Chase is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS 40.010, that the HOA Sale cannot extinguish Chase's federally-insured Deed of Trust and that any purported interest acquired by SFR through the Trustee's Deed is subject to Chase's federally-insured Deed of Trust.

55. Pursuant to the Property Clause of the United States Constitution, the HOA Sale, and SFR's subsequent interest in the Property, cannot extinguish the government's interest in the Property because only Congress has the power to dispose of federal government territory or property.

56. SFR claims an interest in the Property adverse to Chase.

57. Diamond Creek Homeowners' Association did not comply with NRS Chapter 116, including, without limitation, providing notice of the HOA Sale to Chase.

58. The *SFR* decision does not apply retroactively, and the HOA Sale did not extinguish Chase's first position deed of trust.

59. The HOA Sale is void due to the grossly inadequate sale price alone.

60. The HOA Sale is void due to the inadequate sales price plus the fraud, oppression, and/or unfairness that accompanied the HOA Sale.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
(702) 471-7000

61.     The HOA Sale denied Chase due process protected by the Fifth and Fourteenth Amendment of the United States Constitution.

62.     For all the reasons set forth above in the General Allegations, Chase is entitled to a declaration from this Court, pursuant to NRS 40.010, that Chase's interest is superior to the interest held by Defendants, if any, and all other parties.

63.     Chase has furthermore been required to retain counsel and is entitled to recover reasonable attorneys' fees and costs.

## IV.   SECOND CLAIM FOR RELIEF
## (QUIET TITLE)

64.     Chase repeats and re-alleges the preceding paragraphs as though fully set forth herein.

65.     Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court has the power to resolve the adverse claims in the Property.

66.     The federal government had an interest in the Property due to the Pang Loan and the federally-insured Deed of Trust.

67.     The FHA-insured Deed of Trust is a first secured interest on the Property.

68.     Pursuant to the Supremacy Clause of the United States Constitution, state laws are preempted where there is an actual conflict between state law and federal law, and NRS Chapter 116 *et seq.* conflicts with the federal FHA Program.

69.     NRS Chapter 116 *et seq.* stands as an obstacle to the full purposes and objectives of the FHA Program.

70.     Pursuant to the Supremacy Clause of the United States Constitution, the HOA Sale could not extinguish Chase's federally-insured Deed of Trust.

71.     Pursuant to the Property Clause of the United States Constitution, the HOA Sale, and SFR's subsequent interest in the Property, cannot extinguish the federal government's interest in the Property.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
(702) 471-7000

72. For all the reasons set forth above in the General Allegations, Chase is entitled to a declaration from this Court, pursuant to NRS 40.010, that Chase's interest is superior to the interest held by Defendants, if any, and all other parties.

73. SFR claims an interest in the Property that is adverse to Chase's interest.

74. Diamond Creek Homeowners' Association did not comply with NRS Chapter 116, including, without limitation, providing notice of the HOA Sale to Chase. The HOA Sale is void and should be rescinded on this basis.

75. The *SFR* decision does not apply retroactively, and the HOA Sale did not extinguish Chase's first position Deed of Trust.

76. The HOA Sale is void due to the grossly inadequate sale price alone.

77. The HOA Sale is void due to the inadequate sale price plus fraud, oppression, and/or unfairness that accompanied the HOA Sale.

78. Further, the HOA Sale is void and should be rescinded on the basis that it denied Chase due process.

79. Chase has furthermore been required to retain counsel and is entitled to recover reasonable attorneys' fees and costs.

## V. THIRD CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

80. Chase repeats and re-alleges the preceding paragraphs as though fully set forth herein.

81. If it is determined that Chase's first position deed of trust has been extinguished by the HOA Sale, then SFR has been unjustly enriched in that Chase has continued to expend funds and resources to maintain and preserve the Property, to the detriment of Chase, and contrary to the principles of fairness, justice, and fair dealing.

82. Chase is entitled to recoup the reasonable amount of benefits obtained by SFR based on the theory of unjust enrichment.

83. Chase has furthermore been required to retain counsel and is entitled to reasonable attorneys' fees and costs.

## VI. PRAYER

Wherefore, Chase prays for judgment against Defendants as follows:

1. For a declaration and determination that the HOA Sale did not extinguish Chase's interest in the Property;

2. For a declaration and determination that the HOA Sale is void or voidable;

3. For a preliminary and permanent injunction prohibiting SFR, its successors, assigns, and agents from conducting any sale, transfer, or encumbrance of the Property;

4. For a preliminary and permanent injunction requiring SFR, its successors, assigns, and agents to pay all taxes, insurance, and homeowners' association dues during the pendency of the action;

5. For a preliminary and permanent injunction requiring SFR, its successors, assigns, and agents to segregate and deposit all rents generated from the Property with the Court or a Court-approved trust account over which SFR has no control during the pendency of the action;

6. If it is determined that Chase's first position deed of trust has been extinguished by the HOA Sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Pang Loan and Deed of Trust, whichever is greater, together with all amounts advanced by Chase, including, without limitation, amounts advanced for taxes, insurance, and maintenance of the Property;

7. For all fees and costs of court incurred herein, including post-judgment costs; and

///

///

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
(702) 471-7000

8. For any and all further relief deemed appropriate by this Court.

Dated: August 22nd, 2017.

BALLARD SPAHR LLP

By: /s/ Russell J. Burke
Joel E. Tasca
Nevada Bar No. 14124
Russell J. Burke
Nevada Bar No. 12710
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106

*Attorneys for JPMorgan Chase Bank, N.A.*